**CERTIFIED COPY**

2016-DCL-07680

FILED
2016-DCL-07680
11/18/2016 5:00:20 PM
Eric Garza
Cameron County District Clerk
By Cindy Medrano Deputy Clerk
13884137

CAUSE NO. _____

| | | |
|---|---|---|
| NANCY ALEJANDRA ZUNIGA AND<br>CLAUDIA ELIZABETH ZUNIGA<br>PLAINTIFFS | § § § § | IN THE DISTRICT COURT<br><br>Cameron County - 138th District Court |
| VS. | § § | _____ JUDICIAL DISTRICT OF |
| KENNETH WADE JACKSON AND<br>AMERICAN TRANSPORT, INC.<br>DEFENDANTS | § § § § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, REQUEST FOR PRODUCTION AND INTERROGATORIES

**TO THE HONORABLE DISTRICT COURT JUDGE:**

COMES NOW Plaintiffs NANCY ALEJANDRA ZUNIGA AND CLAUDIA ELIZABETH ZUNIGA and complains of Defendants KENNETH WADE JACKSON and AMERICAN TRANSPORT, INC. and for causes of action files this Original Petition, Requests for Disclosure, Request for Production and First Interrogatories. In support thereof, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN AND DAMAGES ALLEGATION

1. Plaintiffs intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3.

2. Plaintiffs' claims damages over $200,000, but not more than $1,000,000.

### PARTIES

3. Plaintiff, NANCY ALEJANDRA ZUNIGA is a resident of Cameron, Texas, whose Social Security Number is ***-**-*888. Her Texas driver's license number is 38964876. At the time of the collision Plaintiff was a resident of Cameron County.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

EXHIBIT D

CERTIFIED COPY

4. Plaintiff, CLAUDIA ELIZABETH ZUNIGA is a resident of Cameron, Texas, whose Social Security Number is \*\*\*-\*\*-\*961. Her Texas identification number is 22411352. At the time of the collision Plaintiff was a resident of Cameron County.

5. Defendant KENNETH WADE JACKSON is an individual who lives at 1121 Southern Ave, Fayetteville, NC 28371, and may be served with process through Carlos H. Cascos, Texas Secretary of State, P.O. Box 12079, Austin, Texas 11-2079. This nonresident individual availed himself of Texas jurisdiction by doing business in the state of Texas.

6. Defendant, AMERICAN TRANSPORT, INC., is a Pennsylvania corporation, 100 Industry Drive, Pittsburgh, PA 15275, and may be served with process through Tyron D. Lewis, Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483. This nonresident corporation availed itself of Texas jurisdiction by doing business in the state of Texas.

## VENUE

7. Pursuant to §15.002 *et seq.* of the Texas Civil Practice and Remedies Code, venue is proper in Cameron County because the incident giving rise to this cause of action occurred in Cameron County, Texas.

## FACTUAL BACKGROUND

8. This lawsuit results from a collision that occurred in Cameron County, Texas. In the early afternoon of October 26, 2015, Plaintiffs NANCY ALEJANDRA ZUNIGA and CLAUDIA ELIZABETH ZUNIGA were traveling South bound on block of 12850 South Boxcar Rd when Defendant KENNETH WADE JACKSON careless, unsafely, violently and unlawfully backed his tractor trailer/vehicle striking Plaintiffs' vehicle.

9. Defendant was found one hundred percent (100%) at fault for the collision because he backed up when unsafe and failed to maintain a proper lookout. As a result of the collision,

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

Plaintiffs suffered serious bodily injuries and other damages as will be described more fully hereinafter.

## NEGLIGENCE

10. Defendant, KENNETH WADE JACKSON had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiffs' injuries were proximately caused by Defendant, KENNETH WADE JACKSON'S negligent disregard of said duty.

12. Defendant, KENNETH WADE JACKSON committed various acts and/or omissions of negligence, which were the proximate cause of the collision in question. These acts and/or omissions of negligence include but are not limited to the following:

   a. Failing to keep a proper lookout;
   b. Failing to back his vehicle safely without interference with other traffic; TEX. TRANSP. CODE ANN. §545.415;
   c. Choosing not to maintain an assured clear distance between vehicles and the vehicles in his path, in violation of TEX. TRANSP. CODE ANN. § 545.062;
   d. Choosing not to make a timely an proper application of his brakes;
   e. Failing to take evasive action to avoid the collision in question;
   f. Failing to control his speed; and
   g. Driver inattention.

13. As a direct and proximate result of Defendant KENNETH WADE JACKSON'S negligence, Plaintiffs sustained bodily injuries and incurred expenses for the necessary medical care of their injuries, and in reasonable medical probability will incur future medical expenses. These charges are reasonable and customary with charges made for such services in the county in which they were rendered. Plaintiffs have also sustained physical pain, mental anguish and

*[Stamp: DISTRICT COURT A TRUE COPY I CERTIFY, ERIC GARZA - DISTRICT CLERK, JUL 24 2017, DISTRICT COURT OF CAMERON COUNTY, TEXAS, By _____ Deputy #4]*

CERTIFIED COPY

physical impairment and in reasonable medical probability will suffer from physical pain, mental anguish and physical impairment in the future.

14. Plaintiffs will show that at the time of the collision, Defendant, KENNETH WADE JACKSON was acting within the course and scope of his employment with Defendant, AMERICAN TRANSPORT, INC, and was acting as an agent of Defendant, AMERICAN TRANSPORT, INC.. Therefore, Defendant, AMERICAN TRANSPORT, INC. is vicariously liable to Plaintiffs under the theory of Respondent Superior.

## NEGLIGENCE *Per Se*

15. Defendant KENNETH WADE JACKSON's conduct described herein constitutes an unexcused breach of duty imposed by the Texas Transportation Code. Defendant KENNETH WADE JACKSON violated section 545.415 of the Texas Transportation Code.

16. Plaintiffs will further show that Defendant, KENNETH WADE JACKSON'S actions and/or inactions constitute negligence per se. Specifically, Defendant, KENNETH WADE JACKSON violated V.T.C.A., Transportation Code Section 545.415, which provides as follows:

Sec. 545.415. BACKING A VEHICLE:
    (a) An operator may not back the vehicle unless the movement can be made safely and without interference with other traffic;
    (b) An operator may not back the vehicle on a shoulder or roadway of a limited-access or controlled-access highway.

17. Plaintiffs are members of the class that the Texas Transportation Code was designed to protect. Defendant KENNETH WADE JACKSON's unexcused breach of the duty imposed by the Texas Transportation Code proximately caused the Plaintiffs' injuries described herein.

TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

## NEGLIGENT ENTRUSTMENT

18. Further, Plaintiffs will show that Defendant AMERICAN TRANSPORT INC., negligently entrusted the 2005 INTERNATIONAL 920 involved in the incident the subject of this lawsuit to Defendant, KENNETH WADE JACKSON who Defendant, AMERICAN TRANSPORT INC., knew or should have known was an incompetent or reckless driver. The driver's negligence proximately caused the Plaintiffs' injuries.

## DAMAGES

19. As a proximate result of the occurrence in question and of Defendants' negligence, Plaintiffs sustained injuries. In particular, Plaintiffs have suffered one or more of the following elements of damages:

    a.    Reasonable and necessary medical expenses in the past;

    b.    Reasonable and necessary medical expenses which, in reasonable probability, they will suffer in the future;

    c.    The loss of wage earning capacity in the past;

    d.    The loss of wage earning capacity in the future;

    e.    Physical pain and mental anguish in the past;

    f.    Physical pain and mental anguish which, in reasonable probability, they will suffer in the future;

    g.    Physical impairment in the past;

    h.    Physical impairment which, in reasonable probability, they will suffer in the future; and,

    i.    Disfigurement;

    j.    Loss of use of property;

    k.    Diminution of property.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

## RULE 47 STATEMENT

20. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, damages are within the jurisdictional limits of this Court. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiffs are required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiffs' harms and losses due to the negligence of the Defendants. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas. Plaintiffs' counsel states that Plaintiffs seeks monetary relief, the maximum of which harms, losses and damages to NANCY ALEJANDRA ZUNIGA of over $200,000 but not over $1,000,000 and CLAUDIA ELIZABETH ZUNIGA of over $200,000 but not over $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

## U.S. Life Tables

21. Notice is hereby given that Plaintiffs intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## INTENT TO USE DEFENDANT'S DOCUMENTS

22. Any document produced by Defendants in response to written discovery will be used by Plaintiffs at any pretrial proceeding or trial.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

## JURY TRIAL

23. Plaintiffs demands a jury trial and tenders the appropriate fee.

## RULE 194 REQUEST FOR DISCLOSURE

24. Plaintiffs requests Defendants to disclose, within fifty (50) days of service, the materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT KENNETH WADE JACKSON

**Interrogatory No. 1:** In reference to the trip resulting in the incident on October 26, 2015 please state at what exact date, location and approximate time did you first start your drive the day of the incident.

**ANSWER:**

**Interrogatory No. 2:** Please describe your exact route of travel (highway or road name) from the time you departed from the location you started from to the location where the incident in question occurred.

**ANSWER:**

**Interrogatory No. 3:** Please describe the exact times and routes of travel, if any, that you acted as driver at any point on the trip that culminated with the wreck in question.

**ANSWER:**

**Interrogatory No. 4:** Please state the name of your cellular phone provider(s) on the date of the accident.

**ANSWER:**

**Interrogatory No. 5:** Have you ever been involved in any other vehicular accident prior to your involvement in the incident in question? If you have answered in the affirmative please state:

    a. The approximate date, time and location of each accident and/or incident

**ANSWER:**

**Interrogatory No. 6:** With respect to this accident, please set forth:

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

    a.    Your estimate of the speed at which your vehicle was traveling at the time of impact and any facts on which you base that estimate;

    b.    Your estimate of the speed at which each of the other vehicle(s) involved in this accident was traveling at the time of impact and any facts on which you base said estimate(s);

    c.    The speed limit applicable to the section of road on which your vehicle was traveling immediately prior to the accident;

    d.    Whether or not you became aware of the presence of other vehicle(s) involved prior to impact and, if so, your best estimate as to how long before impact you became aware of the presence of the other vehicle(s);

    e.    The manner in which you became aware of the presence of the other vehicle(s) (e.g., state whether you saw it, heard it, etc.);

    f.    Whether you applied the brakes on your vehicle prior to impact and, if so, your best estimate as to how long before impact you applied said brakes; and

    g.    Your best estimate of the speed of your vehicle prior to applying the brakes and the facts on which you base said estimate.

**ANSWER:**

**Interrogatory No.7:** With respect to the visual conditions at the time and place of the accident, please set forth.

    a.    Whether there existed any obstruction to your vision, and if so, the nature of such obstruction;

    b.    Whether anything else impaired your vision of the roadway or the Plaintiffs' vehicle;

    c.    Whether anything moved your attention from the roadway at any time within 2 minutes of the accident in question;

    d.    Your best estimate of the distance that you had of an unobstructed view of the roadway in front of your vehicle.

**ANSWER:**

**Interrogatory No. 8:** Please state what maintenance had been performed on the vehicle for the 6 months prior to the collision. For each such maintenance, please state the following:

    a.    What prompted the maintenance visit;
    b.    Who performed the maintenance;

TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

    c.    Who diagnosed the necessity for maintenance;
    d.    What diagnosis was rendered;
    e.    When were the repairs performed;
    f.    What, if any, parts were replaced; and
    g.    Did the problem reoccur? If so, when?

**ANSWER:**

**Interrogatory No. 9:** Immediately following the incident of October 26, 2015, please state:

    a.    The person, other than the police, who was first notified of the accident;
    b.    The date and time this person was notified;
    c.    Whether anyone created a written record of the accident, and if so, whom;

**ANSWER:**

**Interrogatory No. 10:** If you have ever been convicted of any felony crime(s), please answer the following:

    a.    What was the original charge(s) made against you?
    b.    What was the charge(s) of which you were convicted?
    c.    Did you plead guilty to the charge(s) or were you convicted after a trial?
    d.    What was the penalty imposed against you for each such conviction?

**ANSWER:**

**Interrogatory No. 11:** Please state whether you were operating or attempting to operate a cellular phone, other communication device, or any other electronic device, including but not limited to a radio, GB radio, ipad/ipod, etc., at the time of or in the minutes before the collision with Plaintiffs

**ANSWER:**

**Interrogatory No. 12:** Please state your full name, present address, date of birth, North Carolina Driver's License number, and present employment.

**ANSWER:**

**Interrogatory No. 13:** Describe in detail any conversations you had or any statements you made to or heard from NANCY ALEJANDRA ZUNIGA and/or CLAUDIA ELIZABETH ZUNIGA or any other individual or witness at the incident made the basis of this lawsuit.

**ANSWER:**

**Interrogatory No. 14:** Describe, in your own words, how the car wreck occurred and state specifically what you contend caused or contributed to the collision.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

**ANSWER:**

**Interrogatory No. 15:** If you wear corrective lenses, contacts, glasses, hearing aids, or other devices that enable you to see or hear, please state whether you were wearing the corrective lenses, contacts, glasses, hearing aids, or other devices at the time of the car wreck.

**ANSWER:**

**Interrogatory No. 16:** What, if anything, did you do to avoid the collision?

**ANSWER:**

**Interrogatory No. 17:** If your vehicle was damaged in the collision, describe the damage, state whether it has been repaired, who repaired it, and the cost of the repairs.

**ANSWER:**

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

## VERIFICATION

THE STATE OF _____ §
§
COUNTY OF _____ §

     BEFORE ME, the undersigned authority, on this day personally appeared **KENNETH WADE JACKSON** known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and that he has personal knowledge of same.

_____
KENNETH WADE JACKSON

GIVEN under my hand and seal of office, this \_\_\_\_\_ day of _____, 2016.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:_____

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By: _____ Deputy #4

CERTIFIED COPY

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT KENNETH WADE JACKSON

1. <u>Persons with Knowledge:</u> Any and all documents which reflect the names and present or last known address of any and all persons known to you, your attorney, or any other persons acting on your behalf who were witnesses to the occurrence, present at the scene of the occurrence or might have knowledge of facts relevant to the occurrence made the basis of this suit or damages claimed by you.

**RESPONSE:**

2. <u>Photos in case:</u> Any and all photographs, videotapes or films in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the incident, the damage to your vehicle or any other vehicle involved in the incident, the scene of the incident, or any other fact or matter that is the subject, or related to the subject, of this suit, whether or not expected to be introduced into evidence at trial.

**RESPONSE:**

3. <u>Statements of Plaintiffs:</u> Any and all recordings of conversations with Plaintiffs or any of Plaintiffs' agents, servants or employees.

**RESPONSE:**

3. <u>Statements of Plaintiffs:</u> Any and all recordings of conversations with Plaintiffs or any of his agents, servants or representatives concerning the cause of the car wreck, alleged injuries and any damages.

**RESPONSE:**

4. <u>Witness Statements:</u> Any and all recordings and statements of any witness, including any party or expert witness in this case.

**RESPONSE:**

6. <u>Driver's License</u>: A colored copy of the front and back copy of your driver's license.

**RESPONSE:**

7. <u>General Investigation:</u> Any and all investigative reports including adjuster notes pertaining to the incident made the basis of this suit, which were compiled prior to an anticipation of litigation. *Axelson v. McIlhany*, 798 S.W.2d 550, 552-3 (Tex. 1990).

**RESPONSE:**

8. <u>Early Investigation:</u> A complete copy of your insurance companies' file from the date of

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

this accident until it first received Plaintiffs' notice of representation, pursuant to *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding).

**RESPONSE:**

9. Anticipation Investigation: A complete copy of your insurance companies' file from the date of this accident until the date suit was filed, pursuant to *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding).

**RESPONSE:**

10. Claim Files: A copy of your insurance company's claims file. *In Re Ford Motor Co.*, 988 S.W. 2nd 714, 7119 (Tex 1998) and *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-5 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding.

**RESPONSE:**

11. Settlements: Copies of all releases, letters, memoranda or other documents that reflect, refer to or in any way set forth the terms of any agreement between you and any Plaintiffs, Defendants, cross plaintiffs, counter plaintiffs, or pre litigation claimant in this suit to settle any part or all of the claims that you may have arising from the incident made the basis of this suit. This Request should include, but not be limited by, all documents related to any property damage claims made to your insurer.

**RESPONSE:**

12. Phone Logs: A copy of your cellular and home phone bill, including all phone logs listing the date, time and phone number(s) called for all calls made one week before the car wreck and one week after the car wreck.

**RESPONSE:**

13. Plaintiffs' Medicals: A copy of all medical bills and records obtained through discovery in this case.

**RESPONSE:**

14. DWQs: A copy of all deposition upon written questions, including attachments and exhibits, obtained through discovery in this case.

**RESPONSE:**

15. Photos of Property Damage: Colored photographs of property damage and inspection reports

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

regarding this case.

**RESPONSE:**

16. <u>Exhibits</u>: Any and all documents which will be introduced into evidence at time of trial.

**RESPONSE:**

17. <u>Collateral Impeachment documents</u>: Any and all documents which will be used at time of trial for the impeachment of any witness in the case, including but not limited to the Plaintiffs, under Rule 609 of the Texas Rules of Evidence, any witness or any experts.

**RESPONSE:**

18. <u>Criminal Records</u>: Any and all documents evidencing either the arrest or conviction of any party or witness in the case pursuant to Rule 609 of the Texas Rules of Evidence.

**RESPONSE:**

19. <u>Records of a Subpoena Service:</u> A copy of all records, including but not limited to medical, employment, and insurance claims records, including attachments and exhibits obtained through discovery in this case by subpoena, affidavit or otherwise.

**RESPONSE:**

20. <u>Plaintiffs' Medical Records:</u> A complete, legible and unaltered photocopy of Plaintiff's medical records from your office, facility or institution. If you contend that no such documents exist, then please so state.

**RESPONSE:**

21. <u>Plaintiffs' Medical Bills:</u> A complete, legible and unaltered copy of Plaintiff's medical bills from your office, facility or institution. If you contend that no such documents exist, then please so state.

**RESPONSE:**

22. <u>Plaintiffs' Authorization Records:</u> A complete, legible and unaltered copy of all medical records on the Plaintiff which you have obtained in this case whether by medical authorization, subpoena, deposition upon written or oral questions, or otherwise. If you contend that no such documents exist, then please so state.

**RESPONSE:**

23. <u>Plaintiffs' Authorization Bills:</u> A complete, legible and unaltered copy of all medical bills on the Plaintiff which you have obtained in this case whether by medical authorization,

CERTIFIED COPY

subpoena, deposition upon written or oral questions, or otherwise. If you contend that no such documents exist, then please so state.

**RESPONSE:**

24. <u>Plaintiffs' Diagnostic Films</u>: All x-rays, CAT scans, MRI scans, ultrasound films, laparoscopic films or pictures, endoscopic films or pictures, arthroscopic films or pictures, or other forms of diagnostic imaging studies, films or pictures of the Plaintiffs from your office, facility or institution. If you contend that you have no such items, then please so state.

**RESPONSE:**

25. <u>Plaintiffs' Authorization Films</u>: All x-rays, CAT scans, MRI scans, ultrasound films, or other forms of diagnostic imaging studies of the Plaintiffs which you have obtained in this case whether by medical authorization, subpoena, deposition upon written or oral questions, or otherwise. If you contend that no such documents exist, then please so state.

**RESPONSE:**

26. <u>Social Security Records</u>: Complete, legible and unaltered copies of all social security administration records on the Plaintiffs which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise. If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

**RESPONSE:**

27. <u>Tax Records</u>: Complete, legible and unaltered copies of all federal income tax records on the Plaintiffs which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise. If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

**RESPONSE:**

28. <u>Pharmacy Records</u>: Complete, legible and unaltered copies of all pharmacy or prescription records on the Plaintiffs which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise. If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

**RESPONSE:**

29. <u>Therapy Records</u>: Complete, legible and unaltered copies of all physical therapy, occupational therapy, speech therapy, or physical rehabilitation records on the Plaintiffs

which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise. If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

**RESPONSE:**

30. <u>Driving Records</u>: Complete, legible and unaltered copies of all driving records on the Plaintiffs which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise. If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

**RESPONSE:**

31. <u>Reservation of Rights:</u> Complete and legible copies of each reservation of rights letter or other document from your insurer(s) that imposes any limitations or conditions upon its/their provision to you of a defense in the present case

**RESPONSE:**

32. <u>Defendant's Medical Records:</u> A complete, legible and unaltered photocopy of your medical records related to the collision that forms the basis of Plaintiffs' lawsuit. If you contend that no such documents exist, then please so state.

**RESPONSE:**

33. <u>Defendant's Medical Bills:</u> A complete, legible and unaltered copy of your medical bills related to the collision that forms the basis of Plaintiffs' lawsuit. If you contend that no such documents exist, then please so state.

**RESPONSE:**

34. <u>Diagnostic Films</u>: All x-rays, CAT scans, MRI scans, ultrasound films, laparoscopic films or pictures, endoscopic films or pictures, arthroscopic films or pictures, or other forms of diagnostic imaging studies, films or pictures of you related to the collision that forms the basis of Plaintiffs' lawsuit. If you contend that no such documents exist, then please so state.

**RESPONSE:**

35. <u>Identified Documents</u>: All documents identified or referenced to in any of your responses to Plaintiffs' interrogatories.

**RESPONSE:**

36. <u>Damage Appraisal:</u> Produce the damage appraisal of your vehicle.

TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

**RESPONSE:**

37. <u>Repair Invoices or Receipts:</u> Any and all invoices or receipts for repairs to your vehicle.

**RESPONSE:**

38. <u>Scene Drawings, Maps, or Sketches:</u> Any and all drawings, maps, or sketches of the scene of the collision.

**RESPONSE:**

39. <u>Surveillance:</u> Any and all surveillance movies, photographs, or videotapes of Plaintiffs or of the collision.

**RESPONSE:**

40. <u>Police and Governmental Reports</u>: Any and all police reports or other reports of any governmental agency relating to the collision.

**RESPONSE:**

41. <u>Medicine</u>: Any and all documents regarding any medicine prescribed for you by any medical doctor within the five-year period before the collision.

**RESPONSE:**

42. <u>Defendant's Medical Providers:</u> Any and all documents containing the names and addresses for all medical providers who treated you during the five-year period before the collision. This request is specifically related to vision, hearing and any prescriptions Defendant was under during the incident made the basis of this suit.

**RESPONSE:**

43. <u>Vehicle Inspections</u>: Any and all documents relating to any inspection and vehicle maintenance performed on the vehicle within the past five years.

**RESPONSE:**

44. <u>Other Lawsuits</u>: Any and all documents that you have, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which you have been involved.

**RESPONSE:**

45. Please produce all e-mail, text messages, or social media messages, including but not limited to facebook postings/messages, twitter messages, etc., sent by or to **KENNETH**

CERTIFIED COPY

WADE JACKSON on October 26, 2015.

**RESPONSE:**

46. Please produce all text messages or social media messages, including but not limited to facebook postings/messages, twitter messages, etc., related to the incident.

**RESPONSE:**

47. Produce any release for any claim of property damage, personal injury that stems from the incident made the basis of this lawsuit.

**RESPONSE:**

48. Please produce copies of all photographs, slides, motion pictures, videotapes, surveillance reports or other information relevant to surveillance of Plaintiffs' activities from the date of the collision involving Plaintiffs to the present.

**RESPONSE:**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs prays that Defendants be cited to appear and answer herein and upon final trial hereof, they take, have and recover, of and from said Defendants, the above damages, costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

GORDON, ELIAS & SEELY, LLP

/s/ R. Todd Elias
R. Todd Elias
SBN: 00787427
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999
Facsimile: (713) 668-1980
rtelias@geslawfirm.com
AND

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

SQUARE LAW GROUP, P.L.L.C.

/s/ David H. Square
David H. Square
State Bar No. 24076013
302 Kings Hwy. Ste. 103
Brownsville, TX 78521
Telephone: 956-623-4632
Telecopier: 956-621-4633
dhquaren@yahoo.com

**ATTORNEYS FOR PLAINTIFFS**



A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
JUL 24 2017
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ Deputy #4